IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DARLENE DENISE DAVIS,

    Appellant,

v.                                                                         Civil Action No. 3:20cv78

FORTUNE INVESTMENT
ENTERPRISES,

    Appellee.

---

DARLENE DENISE DAVIS,

    Appellant,

v.                                                                          Civil Action No. 3:20cv79

UNKNOWN,

    Appellee.

## MEMORANDUM OPINION

This matter comes before the Court on *pro se* Appellant Darlene Denise Davis's motion for reconsideration of the Court's order to dismiss her appeals and deny motions and a notice for emergency hearings, (the "Motion for Reconsideration"). (3:20cv78, ECF No. 14); (3:20cv79, ECF No. 14).[1] For the following reasons, the Court will deny the Motion for Reconsideration.

---

[1] Davis filed identical motions for reconsideration in the two instant appeals. Because the motions are the same, the Court refers to both as the "Motion for Reconsideration" throughout this Memorandum Opinion.

## I. BACKGROUND

As context for the Motion for Reconsideration, Davis previously owned the property located at 5910 Chadwick Court, Fredericksburg, VA 22407, but Fortune Investment Enterprises bought it in a foreclosure sale on June 14, 2019. (R. 46–48, 3:20cv78, ECF No. 8.)[2] Five months later, on November 19, 2019, Davis filed for Chapter 13 bankruptcy, which initiated the action underlying this appeal. (Bankr. Case No. 19-36077-KLP); *(see* R. 1 (Docket Sheet).)

In response to Davis's Chapter 13 bankruptcy petition, Fortune Investment Enterprises filed a motion requesting relief from stay of Bankruptcy Code 11 U.S.C. § 362(a),[3] which automatically attached when Davis filed for bankruptcy. (R. 46–48). On February 4, 2020, the Bankruptcy Court granted this motion, meaning that Davis's Chapter 13 bankruptcy proceeding would not prohibit Fortune Investment Enterprises from completing its possession of the property located at 5910 Chadwick Court. *(See* R. 10 (Docket Sheet).) The instant appeals followed.[4] *(See id.)*

---

[2] The designated record in the two appeals is substantially the same. The Court cites to the CM/ECF page numbers for the designated record in Case No. 3:20cv78.

[3] In relevant part, Section 362 provides:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of... (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate.

11 U.S.C. § 362.

[4] Davis filed three other appeals stemming from Bankruptcy Case Number 19-36077-KLP. *See Darlene Denise Davis v. Unknown*, No. 3:20cv127-MHL (E.D. Va. Feb. 26, 2020); *Darlene Denise Davis v. Unknown*, No. 3:20cv204-MHL (E.D. Va. Mar. 25, 2020); *Darlene Denise Davis v. Unknown*, No. 3:20cv205-MHL (E.D. Va. Mar. 25, 2020).

In these two appeals, Davis filed motions to proceed *in forma pauperis*, (3:20cv78, ECF No. 6); (3:20cv79, ECF No. 5), three "Motions for Emergency Hearing" (the "Motions for Emergency Hearing"), (3:20cv78, ECF No. 11); (3:20cv79, ECF Nos. 10, 11), one "Notice of Emergency Hearing to Immediately Reverse Motion for Relief," (the "Notice"), (3:20cv78, ECF No. 10), and two briefs opposing the Bankruptcy Court's order to lift the stay, (3:20cv78, ECF No. 3), (3:20cv79, ECF No. 3). On April 27, 2020, the Court granted Davis's motions to proceed *in forma pauperis*, denied the Motions for Emergency Hearing and related Notice, and dismissed the appeals. (3:20cv78, ECF No. 13); (3:20cv79, ECF No. 13). The Court concluded that pursuant to the *in forma pauperis* statute, the appeals were frivolous because they lacked an arguable basis in law or fact. (Apr. 27, 2020 Mem. Op. 6, 3:20cv78, ECF No. 12); (Apr. 27, 2020 Mem Op. 6, 3:20cv79, ECF No. 12). Specifically, the June 2019 foreclosure sale rendered moot Davis's challenge to the Bankruptcy Court's order to lift the stay. (*Id.* 6–7.) Even if Davis's challenge had merits, the Court found no identifiable remedy available to her from the Bankruptcy Court's order on appeal. (*Id.* 7.) On May 11, 2020, Davis filed the Motion for Reconsideration. The Court now considers the pending motion.

## II. ANALYSIS

Davis does not specify the legal standard under which she brings her motion. Because Davis proceeds *pro se*, the Court liberally construes the Motion for Reconsideration as a request for a rehearing pursuant to Federal Rule of Bankruptcy Procedure 8022 or for reconsideration pursuant to Federal Rules of Civil Procedure 59(e), 60(b), or 60(d). *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (acknowledging that a "document filed *pro se* is to be liberally construed"). For the reasons set forth below, the Court will deny the motion.

3

Federal Rule of Bankruptcy Procedure 8022 offers the only mechanism through which Davis can seek a rehearing after the Court's prior Memorandum Opinion and Order dismissed her appeals.[5] *See Bli v. USA Farm Serv. Agency*, 465 F.3d 654, 658 (6th Cir. 2006). Under Rule 8022, a motion for rehearing must be filed within fourteen days after entry of judgment. Fed. R. Bank. P. 8022(a)(1). "The motion must state with particularity each of point of law or fact that the movant believes the district court . . . has overlooked or misapprehended and must argue in support of the motion. Oral argument is not permitted." Fed. R. Bank. P. 8022(a)(2).

Because Rule 8022 does not state the specific standard for granting a motion for rehearing, the Court finds it appropriate to apply the standards for reconsideration used in Federal Rules of Civil Procedure 59(e), 60(b), and 60(d). *See Gillis v. Wells Fargo Home Mortg.*, No. 20-1047, 2020 WL 2768841, at *1 (4th Cir. May 28, 2020) (affirming the use of these Federal Rules of Civil Procedure as the standard for evaluating a request for a rehearing under Rule 8022); *see also Dandridge v. Scott, Tr. for Estate of Dandridge*, No. 3:18-cv-51, 2019 WL 4228457, at *1 (W.D. Va. Sept. 5, 2019) ("Although Rule 8022 is silent as to the appropriate standard for granting a motion for rehearing, district courts in this circuit have applied the same standard applicable to motions for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure."). Postjudgment relief is an extraordinary remedy. *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing*, 674 F.3d 369, 378 (4th Cir. 2012). Motions filed under Rules 59(e) and Rule 60 "should not be awarded except under exceptional circumstances." *Id.*

Rule 59(e) motions may be granted "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear

---

[5] Federal Rule of Bankruptcy Procedure 8022 "is derived from former Rule 8015 and [Federal Rule of Appellate Procedure] 40." Fed. R. Bankr. P. 8022 advisory committee's note to 2014 amendment.

4

error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). Rule 60(b) allows a court to

> relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or, (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(d)(3) permits a court to "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3).

Davis does not satisfy the requirements of Bankruptcy Rule 8022 or Federal Rules of Civil Procedure 59 or 60. Although Davis timely filed her Motion for Reconsideration, she failed to identify any factual or legal errors that require correction, a change in controlling law, or new evidence. In her Motion, Davis claims that there is an arguable basis of law for her appeals because property theft cases involve property law, and she identifies herself as a "victim of foreclosure fraud ... [and] real estate[] theft ...." (Mot. Recons. 3, 6.) She asks the Court for reconsideration because there is "[n]othing frivolous about property theft ...." (Mot. Recons. 9.) Such vague and conclusory statements do not adequately support granting a motion for reconsideration.

Davis's general accusations fail to identify any reversible errors. For instance, she asserts "[t]he foreclosure sale was a fraud + invalid ... so nothing is rendered moot," (Mot. Recons. 7), but does not advance any legal arguments or establish any grounds for relief for the Court to consider. Davis also argues "oral hearings" are "part of [her] grounds for relief." (Mot. Recons. 1.) This blanket statement similarly is unsupported by law or fact. Because Davis's arguments

lack any new evidence or the identification of new law or reversible error, they fail to meet the standards set forth in Federal Rules of Civil Procedure 59(e), 60(b), or 60(d) and cannot sustain the basis for reconsideration of the Court's ruling.

The Court recognizes that Davis identified the Unknown appellee as United States Bankruptcy Court Judge Phillips. (*See* Mot. Recons. 4, 6.) The identity of the party, however, has no bearing on the Court's determination that Davis's challenges to the sale of her home are moot. (*See* Mem. Op. 7.) Instead, the Court based its determination on the completed foreclosure sale, (R. 47), which left Davis with no identifiable remedy in the bankruptcy appeal before this Court. *See Hobby v. Beneficial Mortg. Co. of Va.*, No. 2:05-cv-110, 2005 WL 5409003, at *3 (E.D. Va. June 3, 2005) (finding no remedy available after foreclosure sale). The Court reiterates that allegations of improper foreclosure may be pursued in state court during the possessory proceedings involving Fortune Investment Enterprises, but not in this appellate forum.

Davis also makes generalized claims of judicial bias against Judge Phillips in her Motion for Reconsideration, (*see id.* 2–4), but these two appeals asked the Court to review the Bankruptcy Court's decision to lift a stay on the property. (Notice Appeal 1, 3:20cv78, ECF No. 1); (Notice Appeal 1, 3:20cv79, No. 1). It is this narrow question that the Court addressed in its Memorandum Opinion and Order.

Even assuming that Davis properly challenged the Bankruptcy Court's denial of her motion for recusal on appeal, this Court would have reached the same result. The record shows that on January 27, 2020, Davis filed a motion for recusal seeking to remove Judge Phillips from the case for the appearance of bias and an alleged conflict of interest. (R. 16–17). On February 11, 2020, the Bankruptcy Court held a hearing on this motion, but Davis did not appear. (R. 12

(Docket Sheet).) The Bankruptcy Court subsequently denied the motion for recusal. (*Id.*)

This Court reviews for abuse of discretion in a bankruptcy court's denial of a motion for recusal under 28 U.S.C. § 455(a).[6] *See United States v. Lentz*, 524 F.3d 501, 530 (4th Cir. 2008) (applying abuse of discretion standard to review of motion to recuse). Under this statute, a judge should recuse himself or herself if his or her "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "'[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.'" *Jeandron v. Bd. of Regents of Univ. Sys. of Maryland*, 510 F. App'x 223, 228 (4th Cir. 2013) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). "Rather, a judge's opinions formed during the current or prior proceedings—even if expressed through remarks critical or even hostile to a party—are not grounds for recusal unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *United States v. Johnson*, 593 F. App'x 186, 188–89 (4th Cir. 2014) (internal quotation marks and citation omitted).

In her motion for recusal, Davis alleges judicial bias and a conflict of interest, but offers no factual support for recusal. (R. 16–17.) Instead, she points only to Judge Phillips's contrary rulings against her. (*See id.* 16) Such skeletal allegations do not serve as grounds for granting the extraordinary postjudgment relief Davis seeks in her Motion for Reconsideration. As a result, the Court finds no error on the record before it.

---

[6] A judge must disqualify "himself [or herself] in any proceeding in which his [or her] impartiality may reasonably be questioned." 28 U.S.C. § 455(a). Federal Rule of Bankruptcy 5004(a) applies 28 U.S.C. § 455 to bankruptcy judges. Based on the record before the Court, Davis has neither shown nor provided specific allegations of bias in this case.

## III. CONCLUSION

Even though Davis proceeds *pro se*, she must do more than make bare statements or allegations in her filings before the Court. Therefore, after due consideration, the Court will deny the Motion for Reconsideration. (3:20cv78, ECF No. 14); (3:20cv79, ECF No. 14).

An appropriate order shall accompany this Memorandum Opinion.

/s/
M. Hannah Lauck
United States District Judge

Date: June 8, 2020
Richmond, Virginia